UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jacqueline Newton

   Plaintiff,

vs

Costco, Inc. David Weston, Manager
Eddie Freeney, Manager, Vince Beasley,
Anne McFadden, Valerie Williams, and
Arnold Gants.
dez

   Defendants
_____/

Case No. **00-6010 CIV-JORDAN**

Magistrate Judge

**MAGISTRATE BANDSTRA**

COMPLAINT

NIGHT BOX
FILED

JAN 4 2000

CLARENCE MADDOX
DFL / FTL

## I
## NATURE OF THE CASE

(1) This is an action for injunctive relief, declaratory relief, monetary damages, and other relief arising under the Thirteenth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et. seq., The Florida Civil Rights Act of 1992, Fla. Stat. 760.10(1992), the Florida Whistle Blowers' Act, Fla. Stat. 448.102, et. seq. Included in this Complaint are related and supplementary state law claims for assault, battery, and intentional infliction of emotional distress and Sexual Harassment is also involved .

## II
## CONDITIONS PRECEDENTS

(2) Plaintiff filed charges of discrimination about 3 months in this matter with the Equal Employment Opportunity Commission (EEOC) against defendant COSTCO, INC. complaining of the acts of sexual discrimination herein described. Plaintiff Newton have fully complied with all prerequisites and all conditions precedent to this Court exercising jurisdiction pursuant to Title VII and the Florida Civil Rights Act of 1992 Plaintiff Newton charge of discrimination and right to sue are attached hereto.

(3) Plaintiff's state law supplementary claims do not require remedial exhaustion.

## III
## JURISDICTION AND VENUE

(4) This Court has jurisdiction of this action under 28 U.S.C. s 133L AND 28 U.S.C. s 1343(3) in order to protect rights guaranteed by Title VII OF THE Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e. et seq. This Court has jurisdiction over the Florida statutory and common law claims under its supplemental jurisdiction pursuant to 28 U.S.C. s 1367. All of the unlawful acts complained of herein occurred within the Southern District of Florida and venue is proper

## IV
## PARTIES

(5) Plaintiff Jacqueline Newton is an African American female who was formerly employed by Defendant Costco, Inc .

Page 2

(6) Defendant Costco is a Florida Corporation and at all times material hereto was an employer as defined in Title VII and the Florida Civil Rights Act of 1992, and is subject to suit for all causes of action asserted herein.

(7) Defendant "Weston" is an individual who at all times material hereto served as Supervisor/Manager of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

(8) Defendant Eddie Freeneyis an individual who at all times material hereto served as Manager of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

(9) Defendant Vince Beasley, is an individual who at all times material hereto served as Supervisor of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

(10) Defendant Anne McFadden is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against her herein.

(11) Defendant Valerie Williams, is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against her herein.

(12) Defendant Arnold Gants is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

V
FACTS

(13) Plaintiff Newton was hired by Costco, Inc. on or about mid-1997.

(14) Within a year and a half to two years of being hired, Newton began working under the supervision of David Weston.

(15) Within a year and a half to two years of being hired, Newton began working also under the supervision of Vince Beasley.

(16) Defendant Weston repeatedly subjected Newton to vulgar remarks of a sexual nature.

(17) Defendant Beasley repeatedly subjected Newton to engage in sexual activities with her both at the

job and after hours at a local motel.

(18) Defendant Weston also touched Newton in a sexually offensive manner. Weston rubbed his hands down Newton's dress and continued to do so even after Newton objected

(19) One several occasions Weston attempted to unbuckle Newton's belt and Newton was required to forcibly remove his hands from her private area.

(20) Weston further told Newton if she did not give in to his sexual advances that Newton's job would be in jeopardy.

(21) Newton complained about Weston's and Beasley's frequent and widespread sexual harassment of them to her superiors, who allowed the harassment to who allowed the harassment to continue.

(22) Newton was also aware of criminal activities that were occurring in the workplace and complained about them to Eddie Freeney and to Craig Jelinek, the Executive Director of Defendant Costco.

(23) Upon Newton making these complaints she was retaliated against.

(24) Newton was informed that her employment was terminated.

(25) Plaintiff Newton was a female employee of defendant Costco.

(26) During her employment, Newton was sexually harassed by male defendants Weston and Beasley.

(27) Weston repeatedly subjected Newton to explicit remarks of a sexual nature.

(28) Beasley fondled Newton, about her breasts and buttocks.

(29) Arnold Gants fondled Newton about her private parts and demanded that Newton have sexual intercourse with him or her job would be in jeopardy.

(30) When Newton, refused to engage in sexual activities with Gants, he had Newton terminated.

(31) Subsequent to such reporting, Newton was terminated., although Costco suffered substantial losses regarding a truck load of stolen goods that superiors such as Freeney and Weston tried to cover up.

## COUNT I
## TITLE VII---SEX
### QUID PRO QUO SEXUAL HARASSMENT/SEXUALLY HOSTILE ENVIRONMENT/ RETALIATION FOR OPPOSING SEXUAL DISCRIMINATION
### PLAINTIFF NEWTON AGAINST DEFENDANT COSTCO

### RECOVERY

(32) Paragraphs 1 through 31 are realleged as if fully rewritten herein.

(33) Defendant, Costco, its agents and employees, engaged in discrimination based on sex as heretofore described by allowing frequent and widespread sexual harassment to exist in the workplace thus creating a sexually hostile environment in violation of Title VII.

(34) The sexual harassment adversely affected the terms, conditions and privileges of Plaintiff Newton's employment and required she be subjected to the harassment or face adverse employment actions.

(35) Defendant Costco failed to act on complaints of sexual harassment and did not take appropriate corrective actions with respect to the harassing and discriminatory conduct.

(36) Defendant Costco further retaliated against plaintiff Newton for opposing the discriminatory practices described herein.

(37) As a direct and proximate result of said acts, Plaintiff have suffered and continue to suffer loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to her/Newton's reputation.

WHEREFORE, Plaintiff Newton demand judgment against defendant Costco for violation of Title VII as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts:

(b) for compensatory damages:

(c) for punitive damages:

(d) entry of an order declaring defendant Costco employment practices unlawful:

(e) for a judgment representing prejudgment interest:

(f) for reinstatement, if terminated, and if not practical, front pay;

(g) for the costs of this action, including an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 626(b) and 216(b).

(33)

(a) for pain and suffering;

(b) for mental anguish including great shame, disgrace, distress, humiliation, embarrassment, indignity and mortification;

(c) for loss of capacity for the enjoyment of life;

(d) for loss of earnings;

(e) for loss of earning capacity;

(f) for damage to their reputation;

(g) for reinstatement to their position with seniority, back pay and benefits; and if not practical, front pay;

(h) for attorney's fees and costs pursuant to Fla. Stat. § 448.105; and

(i) for all other damages allowed by law.

(j) for such other relief as this Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Respectfully submitted,

DATE: 1-4-2000

Jacquelene Newton
813 NW 3RD TERR
HALLANDALE, FL. 33009
PHONE 954/815-5436

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

00-6010 CIV-JORDAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
JACQUELINE NEWTON, PRO SE
813 N.W. 3RD TERR.
HALLANDALE, FL. 33009
954/815-5436  BROWARD COUNTY

**DEFENDANTS** COSTCO, INC. EDDY FREEM,
V. BEASLEY, D. WESTON, ET AL
COSTCO, INC. 1658 NW
59 AVE. MIAMI, FL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ~~DADE COUNTY~~
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A NORTH-6010 JORDAN/ TEB

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
813 NW 3 TERR.
HALLAND, FL. 33309 / 954/815-5436

**ATTORNEYS (IF KNOWN)**

MAGISTRATE BANDSTRA    NIGHT BOX FILED

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

CLARENCE MADDOX CLERK, USDC/SDFL/FTL
JAN 4 2000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

SEXUAL HARRASSMENT – TITLE VII

**LENGTH OF TRIAL**
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
**DEMAND** $3,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY    JUDGE _____    DOCKET NUMBER _____

**DATE** 1-4-2000

**SIGNATURE OF ATTORNEY OF RECORD**
Jacqueline Newton, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____