UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Jacqueline Newton

   Plaintiff,

vs

Costco, Inc. David Weston, Manager
Eddie Freeney, Manager, Vince Beasley,
Anne McFadden, Valerie Williams, and
Arnold Gants.
dez

   Defendants
_____/

Case No. 00-6010-CIV-JORDAN
              00-6010-cv-JORDAN

Magistrate Judge JORDAN

AMENDED COMPLAINT

## I
## NATURE OF THE CASE

(1) This is an action for injunctive relief, declaratory relief, monetary damages, and other relief arising under the Thirteenth and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et. seq., The Florida Civil Rights Act of 1992, Fla. Stat. 760.10(1992). the Florida Whistle Blowers' Act, Fla. Stat. 448.102, et. seq. Included in this Complaint are related and supplementary state law claims for assault, battery, and intentional infliction of emotional distress and Sexual Harassment is also involved.

## II

## CONDITIONS PRECEDENTS

(2) Plaintiff filed charges of discrimination about 3 months in this matter with the Equal Employment Opportunity Commission (EEOC") against defendant COSTCO, INC complaining of the acts of sexual discrimination herein described. Plaintiff Newton have fully complied with all prerequisites and all conditions precedent to this Court exercising jurisdiction pursuant to Title VII and the Florida Civil Rights Act of 1992 Plaintiff Newton charge of discrimination and right to sue are attached hereto.

(3) Plaintiff's state law supplementary claims do not require remedial exhaustion.

## III
## JURISDICTION AND VENUE

(4) This Court has jurisdiction of this action under 28 U.S.C. s 133L AND 28 U.S.C. s 1343(3) in order to protect rights guaranteed by Title VII OF THE Civil Rights Act of 1964, as amended, 42 U.S.C. s 2000e et seq. This Court has jurisdictiion over the Florida statutory and common law claims under its supplemental jurisdiction pursuant to 28 U.S.C. s 1367. All of the unlawful acts complained of herein occurred within the Southern District of Florida and venue is proper

## IV
## PARTIES

(5) Plaintiff Jacqueline Newton is an African American female who was formerly employed by Defendant Costco, Inc.



Page 2

(6) Defendant Costco is a Florida Corporation and at all times material hereto was an employer as defined in Title VI and the Florida Civil Rights Act of 1992, and is subject to suit for all causes of action asserted herein.

(7) Defendant Weston" is an individual who at all times material hereto served as Supervisor/Manager of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein

(8) Defendant Eddie Freeneyis an individual who at all times material hereto served as Manager of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

(9) Defendant Vince Beasley, is an individual who at all times material hereto served as Supervisor of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

(10) Defendant Anne McFadden is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against her herein.

(11) Defendant Valerie Williams is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against her herein.

(12) Defendant Arnold Gants is an individual who at all times material hereto served as Clerk of Defendant Costco, and is capable of being sued for the causes of action asserted against him herein.

V
FACTS

(13) Plaintiff Newton was hired by Costco, Inc. on or about mid-1997.

(14) Within a year and a half to two years of being hired, Newton began working under the supervision of David Weston.

(15) Within a year and a half to two years of being hired, Newton began working also under the supervision of Vince Beasley

(16) Defendant Weston repeatedly subjected Newton to vulgar remarks of a sexual nature.

(17) Defendant Beasley repeatedly subjected Newton to engage in sexual activities with her both at the

job and after hours it a local motel.

(18) Defendant Weston also touched Newton in a sexually offensive manner. Weston rubbed his hands down Newton's dress and continued to do so even after Newton objected

(19) One several occasions Weston attempted to unbuckle Newton's belt and Newton was required to forcibly remove his hands from her private area.

(20) Weston further told Newton if she did not give in to his sexual advances that Newton's job would be in jeopardy.

(21) Newton complained about Weston's and Beasley's frequent and widespread sexual harassment of them to her superiors, who allowed the harassment to who allowed the harassment to continue.

(22) Newton was also aware of criminal activities that were occurring in the workplace and complained about them to Eddie Freeney and to Craig Jelinek, the Executive Director of Defendant Costco.

(23) Upon Newton making these complaints she was retaliated against.

(24) Newton was informed that her employment was terminated.

(25) Plaintiff Newton was a female employee of defendant Costco.

(26) During her employment, Newton was sexually harassed by male defendants Weston and Beasley.

(27) Weston repeatedly subjected Newton to explicit remarks of a sexual nature.

(28) Beasley fondled Newton, about her breasts and buttocks.

(29) Arnold Gants fondled Newton about her private parts and demanded that Newton have sexual intercourse with him or her job would be in jeopardy.

(30) When Newton, refused to engage in sexual activities with Gants, he had Newton terminated.

(31) Subsequent to such reporting, Newton was terminated., although Costco suffered substantial losses regarding a truck load of stolen goods that superiors such as Freeney and Weston tried to cover up.

(31) a. On May 27th Newton gave Eddy Freeny a three page letter about the sexual harassment that David Westen was involved in against Newton.

b. On May 28th, 1999 a meeting was held with Newton, and also a meeting with David Weston on June 2nd and did nothing but retaliate against Newton by cutting her working hours from 27 hours to 20 hrs.

c. On June 5th Newton was suspended for 3-days, as management stated that Newton lied on her application. A backgroiund check had been done two and a half years ago, as they targeted me for dismissal for reporting sexual harassment to Eddy Freeny

d. Newton's job performance was extremely well, and evaluations will substantiate such.

e. Eddy Freeny would hire criminals and misfits on the job to assist him to carry out his criminal activities in which a stolen truck load of goods had some of it's items sold in the Delray area, in which Freeny frequents or resides. He also has a child molester on the job named T. J. Travis

f. Newton was terminated while she was 4 months pregnant with her daughter. And went so far as to say that she was stealing, and it was not true, nor was there any evidence as such. But this was ways that Freeny used to manufacture evidence to combat complaints against him, other superiors and Costco.

g. Defendant Valerie Williams participated in a scheme to violate the rights of Plaintiff Newton by conducting another background check to find grounds satisfactory to Feeny, that would terminate Plaintiff Newton.

h. Defendant Arnold Gants participated in the same scheme to violate the rights of Plaintiff Newton by conducting an illegal background check to find grounds that would be satisfactory to Feeny, that would implement the termination of Plaintiff Newton without cause.

i. Defendant Annie McFadden was used to fabricate information against Plaintiff Newton that Newton stalked Freeny, as other grounds to terminate Newton. Information used was false, as McFadden had been demoted from a cashier to a parking lot girl, but after the fabrications in a County Court, she was rewarded with a promotion back to her cashier's position.

COUNT I
TITLE VII---SEX
QUID PRO QUO SEXUAL HARASSMENT/SEXUALLY HOSTILE ENVIRONMENT/ RETALIATION FOR OPPOSING SEXUAL DISCRIMINATION
PLAINTIFF NEWTON AGAINST DEFENDANT COSTCO

RECOVERY

(32) Paragraphs 1 through 31 are realleged as if fully rewritten herein.

(33) Defendant, Costco, its agents and employees, engaged in discrimination based on sex as heretofore described by allowing frequent and widespread sexual harassment to exist in the workplace thus creating a sexually hostile environment in violation of Title VII.

(34) The sexual harassment adversely affected the terms, conditions and privileges of Plaintiff Newton's employment and required she be subjected to the harassment or face adverse employment actions.

(35) Defendant Costco failed to act on complaints of sexual harassment and did not take appropriate corrective actions with respect to the harassing and discriminatory conduct.

(36) Defendant Costco further retaliated against plaintiff Newton for opposing the discriminatory practices described herein.

(37) As a direct and proximate result of said acts, Plaintiff have suffered and continue to suffer loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to her/Newton's reputation.

WHEREFORE, Plaintiff Newton demand judgment against defendant Costco for violation of Title VII as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts:

(b) for compensatory damages:

(c) for punitive damages:

(d) entry of an order declaring defendant Costco employment practices unlawful:

(e) for a judgment representing prejudgment interest:

(f) for reinstatement, if terminated, and if not practical, front pay;

(g) for the costs of this action, including an award of reasonable attorney's fees pursuant to 29 U.S.C. Section 626(b) and 216(b).

COUNT II
FLORIDA CIVIL RIGHTS ACT OF 1992--SEX
QUID PRO QUO SEXUAL HARASSMENT/SEXUALLY HOSTILE
ENVIRONMENT/RETALIATION FOR OPPOSING SEXUAL DISCRIMINATION
(PLAINTIFF NEWTON AGAINST DEFENDANT COSTCO)

(38) Paragraphs 1 through 31 are realleged as if fully rewritten herein.

(39) Defendant, COSTCO, its agents and employees, engaged in discrimination bvased on sex as heretofore described by allowing frequent and widespread sexual harassment to exist in the workplace thus creating a sexually hostile environment in violation of the Florida Civil Rights Act of 1992.

(40) The sexual harassment adversely affected the terms, conditions and privileges of Plaintiff's Newton's employment and required they be subjected to the harassment or face adverse employment actions.

(41) Defendant Costco failed to act on complaints of sexual harassment and did not take appropriate corrective actions with respect to the harassing and discriminatory conduct.

(42) Defendant Costco further retaliated against Plaintiff Newton for opposing the discriminatory practices described herein.

(43) As a direct and proximate result of said acts, Plaintiff Newton have suffered and continue to suffer loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to their reputation.

WHEREFORE; Plaintiff Newton demand judgment against defendant Costco for violation of the Florida Civil Rights Act as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts:

## COUNT III
### (ASSAULT)
### PLAINTIFF NEWTON AGAINST DEFENDANTS COSTCO, BEASLEY AND WESTON

(44). Plaintiff Newton adopt, reallege and reincorporate each and every allegation contained in paragraphs 1-31 as of fully set forth herein.

(45) Defendants Costco, through its agent/employee Beasley and Beasley individually, intentionally and unlawfully attempted to touch Plaintiff Newton, in an harmful and/or offensive manner.

(46) Defendants Costco, through its agent/employee Weston and Weston individually intentionally and unlawfully attempted to touch Plaintiff Newton, in an harmful and/or offensive manner.

(47) Defendants Costco's actions and Beasley's actions created a fear of imminent peril in Plaintiff Newton.

(48) Defendant Costco's actions and Weston's actions created a fear of imminent peril in Plaintiff Newton.

(49) Defendants Costco and Weston are liable for the assault inflicted by Weston on Plaintiff Newton.

(50) Defendants Costco and Beasley are liable for the assault inflicted by Beasley on Plaintiff Newton.

WHEREFORE, Plaintiff Newton demand judgment against the Defendants, Costco, Beasley and Weston as follows:

(a) for compensatory damages;

(b) for punitive damages;

(c) for all costs and attorneys' fees; and

(d) for any other relief this Court deems necessary and proper.

## COUNT IV
## (BATTERY)
### PLAINTIFF NEWTON AGAINST DEFENDANTS COSTCO BEASLEY & WESTON

(51) Plaintiff Newton, adopt, reallege and reincorporate each and every allegation contained in paragraphs 1-31 as of fully set forth herein.

(52) Defendants Beasley & Weston intentionally and unlawfully touched plaintiff Newton in a harmful and/or offensive manner. Defendants Weston and Beasley intentional and offensive contacts with Plaintiff Newton, resulted in impermissible and unlawful contact.

(53) Defendants Costco, Beasley and Weston are liable for the battery inflicted on Newton.

WHEREFORE, Plaintiff Newton, demand judgment against the Defendants Costco, Weston and Beasley for the following:

(a) for compensatory damages;

(b) for punitive damages;

(c) for all costs and attorneys' fees: and

(d) for any other relief that this Court deems necessary and proper.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF NEWTON, AGAINST COSTCO, BEASLEY & WESTON

(54) Plaintiff Newton, adopt, reallege and reincorporate each and every allegation contained in paragraphs 1-31 as if fully set forth herein.

(55) Defendant Beaslley and Weston engaged in extreme and outrageous conduct against the Plaintiff Newton. Beasley and Weston acted with the intent to cause severe emotional distress or with reckless disregard for the severe emotional distress that he was causing Newton.

(56) Defendants Beasley and Weston conduct was beyond the bounds of all decency, was atrocious and complete intolerable in a civilized society.

(57) Plaintiff Newton, suffered severe emotional distress which was caused by Defendants Beasleiy and Weston's misconduct.

(58) Costco is liable for the extreme and outrageous conduct inflicted by Beasley and Weston on Newton.

WHEREFORE, PLAINTIFF NEWTON, DEMAND JUDGMENT AGAINST DEFENDANTS COSTCO AND BEASLEY AND WESTON

FOR THE FOLLOWING:

   (A) COMPENSATORY DAMAGES;

   (B) PUNITIVE DAMAGES;

   (C) FOR ALL COSTS AND ATTORNEYS FEES; AND

   (D) FOR ANY OTHER RELIEF THIS COURT DEEMS NECESSARY AND PROPER.

## COUNT VI
## INVASION OF PRIVACY
### PLAINTIFF NEWTON, AGAINST DEFENDANT COSTCO, BEASLEY AND WESTON

(59) Plaintiff Newton, adopt, reallege and reincorporate each and every allegation contained in paragraphs 1-31 as if fully set forth herein.

(60) Defendants Beasley and Weston engaged in extreme and outrageous conduct against the Plaintiff Newton, acting with the intent to cause severe emotional distress or with reckless disregard for the severe emotional distress that the Plaintiff would suffer.

(61) As a result of the wanton and willful touchings and verbal harassment endured by the Plaintiff Newton, Plaintiff have suffered an unlawful intrusion upon their physical solitude or seclusion.

(62) Defendants Costco and Beasley and Weston are liable for the tort of invasion of privacy inflicted by Beasley and Weston upon Plaintiff Newton.

WHEREFORE, Plaintiff Newton, demand judgment against Defendants Costco, Beasley and Weston for the following:

   (a) compensatory damages;

   (b) punitive damages;

   (c) for all costs and attorneys' fees; and

   (d) for any other relief this court deems necessary and proper.

## COUNT VII

VIOLATION OF FLORIDA WHISTLEBLOWER'S ACT
PLAINTIFF NEWTON AGAINST DEFENDANT COSTCO

(63) pARAGRAPHS 1 THROUGH 31 ARE ADOPTED AND REALLEGED AS IF FULLY SET FORTH HEREIN.

(64) pLAINTIFF nEWTON REFUSED TO REMAIN SILENT WHILE THEIR SUPEREVISORS AND CO-WORKERS WERE INVOLVED IN ILLEGAL AND CRIMINAL ACTIVITIES.

(65) pLAINTIFF nEWTON NOTIFIED THE eXECUTIVE dIRECTOR OF THE dEFENDANT cOSTCO OF THESE ILLEGAL ACTIVITIES AND ALSO NOTIFIED OUTSIDE AGENCIES.

(66) Costco then in violation of the Florida Whistleblower's Act, Fla. Stat. 448.102, et seq., retaliated against Newton by terminating her employment.

(67) WHEREFORE, Newton demand judgment against Costco, for violation of the Florida Whistleblower's Act as more fully descrsibed hereafter:

(a) for pain and suffering;

(b) for mental anguish including great shame, disgrace, distress, humiliation, embarrassment, indignity and mortification;

(c) for loss of capacity for the enjoyment of life;

(d) for loss of earnings;

(e) for loss of earning capacity;

(f) for damage to their reputation;

(g) for reinstatement to their position with seniority, back pay and benefits; and if not practical, front pay;

(h) for attorney's fees and costs pursuant to Fla. Stat. § 448.105; and

(i) for all other damages allowed by law.

(j) for such other relief as this Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Respectfully submitted,

DATE: 1-7-2000

JACQUELINE NEWTON
Jacqueline Newton
813 NW 3RD TERR
HALLANDALE, FL. 33009

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Jacqueline O. Newton<br>210 Lorna Square PMB#153<br>Hoover, Alabama 65216 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |
| [ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150 99 2964 | Susan Diaz, Investigator | 305-530-6055 |

*(See the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**OCT 05 1999**
(Date Mailed)

Federico Costales, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Costco Wholesale Corp.
c/o Lynn G. Hawkins, Esq.
NorthBridge Centre, Suite 900
515 North Flagler Drive
West Palm Beach, FL 33402

EEOC Form 161-B (10/96)

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 150992964 |

Florida Comm. on Human Relations _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Jacqueline O. Newton | (305) 556-3481 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1230 West 54 Street Apt A119, Hialeah, FL 33012 | | 12/26/1964 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Costco Wholesale | Cat C (201-500) | (305) 825-9818 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 16580 N.W. 59th Avenue, Miami Lakes, FL 33014 | | 025 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 12/01/1998   LATEST 05/24/1999
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I was sexually harassed by my supervisor, David Weston. In retaliation for objecting to my supervisor's sexual demands, I receive less working hours to work and I have not been offered a full time status.

II. The sexual harassment included rubbing against my body, sexual remarks and requests for sexual favors. I recently complained to my store manager, Eddy Freny. Because I would not acquiesce to his sexual advances, I received less hours to work and I was not allowed to work Sunday's which I had.

III. I have been discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended.

*Amended
As a result of filing a charge, I was suspended on June 5, 1999.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Date 5-28-99   *Jacqueline Newton* Charging Party (Signature)

EEOC FORM 5 (Rev. 06/92)

**CHARGING PARTY COPY**