UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:   00-6010-CIV-JORDAN



JACQUELINE NEWTON,

      Plaintiff,

v.

COSTCO, INC., DAVID WESTON;
EDDIE FREENEY; VINCE BEASLEY;
ANNE MCFADDEN; VALERIE
WILLIAMS & ARNOLD GANTS

      Defendants

_____ /

## DEFENDANTS COSTCO WHOLESALE CORPORATION, INC., EDDYE FREENY, ANNE MCFADDEN, VALERIE WILLIAMS AND ARNOLD GANTS' MOTION TO DISMISS AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendants, COSTCO WHOLESALE CORPORATION, INC.[1], ("COSTCO"), EDDYE

FREENY[2] ("FREENY"), ANNE MCFADDEN ("MCFADDEN"), VALERIE WILLIAMS

("WILLIAMS") and ARNOLD GANTS ("GANTS")[3], by and through their undersigned counsel

and pursuant to Rule 12(b) (2) (4) and (6), Federal Rules of Civil Procedure, hereby move to

---

[1] Improperly named as Costco, Inc. in the Amended Complaint and summons.

[2] Improperly named as Eddie Freeney in the Amended Complaint and summons.

[3] Undersigned counsel is responding on behalf of all Defendants with the exception of David Weston and Vince Beasley who have not been served as of the date of this pleading.

dismiss Plaintiff JACQUELINE NEWTON ("NEWTON")'s Amended Complaint and in support

thereof state as follows:

## MEMORANDUM OF LAW

**I.      THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO COSTCO, FREENY, WILLIAMS AND GANTS FOR LACK OF JURISDICTION OVER THE PERSON PURSUANT TO RULE 12(B)(2) AND INSUFFICIENCY OF PROCESS PURSUANT TO RULE 12(B)(4), FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff's Amended Complaint should be dismissed as to Defendants COSTCO, FREENY,

WILLIAMS and GANTS pursuant to Rule 12(b)(2) and 12(b)(4), Federal Rules of Civil

Procedure, as this Court lacks jurisdiction over these Defendants due to the insufficiency of

process.   Rule 4(a), Federal Rules of Civil Procedure, requires that a summons identify the

parties, yet the summonses in this action served upon Defendants COSTCO, FREENY,

WILLIAMS and GANTS merely identify the Defendants as "COSTCO, DAVID WESTON,

MGR, Eddie FREENY, Mgr., et. al."[sic] See Showers v. City of Bartow, 978 F. Supp. 1464,

1467 (M.D. Fla. 1997) (complaint dismissed due in part to failure to list all defendants in the

summons in derogation of Rule 4).  In addition, Rule 4(a) requires that a summons "state the time

within which the defendant must appear and defend" yet the summons served upon COSTCO in

this action does not provide any time for service of a response.  See summonses attached as

Exhibit "A."

**II.     COUNTS I AND II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 10, FEDERAL RULES OF CIVIL PROCEDURE.**

In Count I, Plaintiff purports to state a claim pursuant to Title VII and has labeled the claim

as one for "Sex/Quid Pro Quo Harassment/Sexually Hostile Environment/Retaliation."  The

incorporated allegations in support of this claim involve alleged sexual harassment by David Weston, Vince Beasley and GANTS, alleged complaints of Plaintiff concerning criminal activities occurring in the workplace, alleged retaliation for complaining of sexual harassment and/or criminal activities, suspension and termination of employment, alleged hiring of criminals, termination of Plaintiff while she was allegedly four months pregnant, alleged illegal background checks, and alleged fabrication of evidence, among other irrelevant and spurious allegations. Count II is duplicative of Count I except that it is brought pursuant to the Florida Civil Rights Act, rather than Title VII. If it is Plaintiff's intent to assert three separate and distinct claims in Count I and three separate and distinct claims in Count II, the claims are improperly commingled in violation of Rule 10, Federal Rules of Civil Procedure. The elements for each of these three claims in each count vary as do the defenses to each of the three claims and, therefore, they should be pled separately in order to comply with Rule 10.

Rule 10(b), Federal Rules of Civil Procedure, states:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; ... Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

In Anderson v. District Board of Trustees of Central Florida Community College, 77 F. 3d 364, 366-67 (11th. Cir. 1996), the court, concerned about the ramification of cases proceeding on the basis of "shotgun' pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

See also <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996, <u>cert. denied</u>, 519 U.S. 1110, 117 S. Ct. 946, 136 L. Ed.2d 834 (1997) and <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995).

Claims and issues very similar to the ones in this matter were before Judge Highsmith in <u>Benoit v. Ocwen Financial Corp.</u>, 960 F. Supp. 287 (S.D. Fla. 1997), <u>aff'd</u>, 162 F.3d 1177 (11th Cir. 1998). In <u>Benoit</u>, the plaintiffs appeared to be asserting claims for sexual discrimination, quid pro quo sexual harassment and hostile environment sexual harassment in one count. The court dismissed the complaint holding that the claims were improperly commingled in violation of Rule 10 stating that if the plaintiffs sought relief under multiple statutes and on multiple bases, Rule 10 required them to set forth their claims separately. <u>See Benoit</u>, 960 F. Supp at 289-290. A similar finding is appropriate in this matter.

## III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S IMPROPER INCORPORATION OF MULTIPLE ALLEGATIONS INTO MULTIPLE COUNTS.

Plaintiff has also improperly incorporated multiple allegations into multiple counts that have no relevance to the claims raised in those counts. In each and every count, Plaintiff incorporates Paragraphs 1 through 31. The allegations in Paragraphs 1 through 31 include, but are certainly not limited to, alleged sexual harassment by David Weston, Vince Beasley and GANTS, alleged complaints of Plaintiff concerning criminal activities occurring in the workplace, alleged retaliation for complaining of sexual harassment and/or criminal activities, suspension and termination of employment, alleged hiring of criminals, termination of Plaintiff while she was allegedly four months pregnant, alleged illegal background checks, and alleged fabrication of evidence among other irrelevant and spurious allegations. As numerous incorporated references

bear no relationship to the counts in which they are incorporated and make it exceedingly difficult, if not impossible, for Defendants to determine whether the elements for each claim have been alleged, Plaintiff's Amended Complaint is fatally defective. See Benoit v. Ocwen Financial Corp., 960 F. Supp. 287, 290 (S.D. Fla. 1997), aff'd, 162 F.3d 1177 (11th Cir. 1998).

## IV.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANTS FREENY, MCFADDEN, WILLIAMS AND GANTS AS PLAINTIFF SEEKS NO RELIEF FROM THESE INDIVIDUALS AND THERE ARE INSUFFICIENT ALLEGATIONS TO STATE A CLAIM AGAINST ANY OF THESE INDIVIDUALS.

The Amended Complaint should be dismissed as to Defendants FREENY, MCFADDEN, WILLIAMS and GANTS as the Amended Complaint seeks no relief from these individuals and contains insufficient allegations against these individuals. Count I and Count II pursuant to Title VII and the Florida Civil Rights Act, respectively, seek no relief from any individuals in apparent recognition of the well-established case law that there is no individual liability under these statutes. See Weld v. Southeastern Companies, Inc., 10 F. Supp. 2d 1318, 1321 (M.D. Fla. 1998) and cases cited therein. Counts III through VI seek relief only from Defendants COSTCO, Vince Beasley and David Weston. Count VII seeks relief only from Defendant COSTCO. As no relief is sought from FREENY, MCFADDEN, WILLIAMS or GANTS in any count, they are improperly named as Defendants in this action.

Even if relief had been sought from FREENY, MCFADDEN, WILLIAMS and/or GANTS, the allegations which name them are insufficient to support a claim against any of these individuals. The following outlines all references to these individuals in Plaintiff's Amended Complaint:

In Paragraphs 8, 10, 11 and 12, Plaintiff alleges that these persons are individuals capable of being sued.

In Paragraph 22, Plaintiff alleges that she complained to FREENY of criminal activities that were occurring in the workplace.

In Paragraph 29, Plaintiff alleges that GANTS "fondled her about her private parts and demanded that Newton have sexual intercourse with him or her job would be in jeopardy."

In Paragraph 30, Plaintiff alleges that when she"refused to engage in sexual activities with Gants, he had Newton terminated."

In Paragraphs 31(a) and (c), Plaintiff alleges that she reported sexual harassment by David Weston to FREENY.

In Paragraph 31(e), Plaintiff alleges that FREENY would "hire criminal misfits on the job to assist him to carry out his criminal activities..." and "has a child molester on the job."

In Paragraph 31(f), Plaintiff alleges that FREENY would "manufacture evidence to combat complaints against him, other superiors and COSTCO."

In Paragraph 31(g), Plaintiff alleges that WILLIAMS "participated in a scheme to violate the rights of Plaintiff Newton by conducting another background check to find grounds satisfactory to FREENY that would terminate plaintiff Newton."

In Paragraph 31(h), Plaintiff alleges that GANTS "participated in the same scheme to violate the rights of Plaintiff Newton by conducting an illegal background check to find grounds that would be satisfactory to Freeny, that would implement the termination of Plaintiff Newton without cause."

In Paragraph 31 (i), Plaintiff alleges that MCFADDEN "was used to fabricate information against plaintiff Newton that Newton stalked Freny, as other grounds to terminate Newton. Information used was false, as McFadden had been demoted from a cashier to a parking lot girl, but after the fabrications in a County Court, she was rewarded with a promotion back to her cashier's position."

There are no other references to the named individual defendants with the exception of David

Weston and Vince Beasley.

As discussed above, FREENY, MCFADDEN, WILLIAMS and GANTS can not be

individually liable under Title VII or the Florida Civil Rights Act (Counts I and II). These

individuals also cannot be individually liable under Florida's Workers' Compensation laws for

alleged retaliatory action (Count VII) . See Superior Brands, Inc. v. Rogers, 646 So. 2d 257 (Fla.

1st DCA 1994). Finally, there are insufficient allegations to state a claim against any of these

individuals under the Florida common law tort claims set forth in Counts III through VI.

Therefore, the Amended Complaint should be dismissed as to FREENY, MCFADDEN,

WILLIAMS and GANTS. See Hanley v. The Sports Authority, Inc., 1998 U.S. Dist. LEXIS

21081 (S.D. Fla. November 13, 1998) (certain individual defendants dismissed as plaintiff failed

to allege facts with respect to those defendants which would warrant them being individual

defendants); Showers v. City of Bartow, 978 F. Supp. 1464, 1467 (M.D. Fla. 1997) (complaint

dismissed as to individual where plaintiff had failed to allege what actions or inactions of the

individual connected her to the lawsuit).

## V. COUNTS III, IV, V AND VI OF THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT COSTCO AS THESE COUNTS FAIL TO ALLEGE RESPONDEAT SUPERIOR LIABILITY

Count III (assault), Count IV (battery), Count V (intentional infliction of emotional

distress) and Count VI (invasion of privacy) all seek relief against Defendants COSTCO, Vince

Beasley and David Weston. All of these counts appear to seek relief against COSTCO solely as

a result of the alleged intentional torts of Defendants Vince Beasley and David Weston. As there

are no allegations of respondeat superior liability of COSTCO, these counts should be dismissed

as to COSTCO.

The standard for an employer's liability for its employee's intentional torts under Florida's

common law doctrine of respondeat superior is different than the standard for employer liability

for sexual harassment under Title VII or the Florida Civil Rights Act of 1992. Resley v. The Ritz

Carlton Hotel Co., 989 F. Supp. 1442, 1448 (M.D. Fla. 1997). To establish respondeat superior

liability of COSTCO under Florida common law, Plaintiff must allege that David Weston and

Vince Beasley's alleged conduct was within the scope of their employment. See Sparks v. Jay's

A.C. & Refrigeration, Inc., 971 F. Supp. 1433 (M.D. 1997) (to survive a motion to dismiss

claims of intentional torts of assault, battery and intentional infliction of emotional distress against

an employer, plaintiff must allege that an employee's actions were committed within the scope of

his employment). An employee's conduct is within the scope of employment for the purposes of

determining an employer's vicarious liability to third parties injured by the employee only if:

(1)  the conduct is of the kind he was employed to perform;

(2)  the conduct occurs substantially within the time and space limits
authorized or required by the work to be performed; and

(3)  the conduct is activated at least in part to serve the employer.

Degitz v. Southern Management Services, Inc., 996 F. Supp. 1451, 1462 (M.D. Fla. 1998);

Resley v. The Ritz Carlton Hotel Co., 989 F. Supp. 1442, 1448 (M.D. Fla. 1997) (citing Sussman

v. Florida East Coast Properties, Inc., 557 So. 2d 74, 75-76 (Fla. 3d DCA), rev. denied, 574 So.

2d 143 (Fla. 1990)). As Plaintiff's allegations are insufficient, Counts III through VI should be

dismissed as to Defendant COSTCO.

WHEREFORE, Defendants COSTCO WHOLESALE CORPORATION, INC., EDDYE

FREENY, ANNE MCFADDEN, VALERIE WILLIAMS and ARNOLD GANTS respectfully

request this Court to dismiss this action with prejudice, to award them their costs and attorneys'

fees incurred in defending this action, and to grant such other relief as the Court deems just and

proper under the circumstances.

FITZGERALD, HAWKINS, MAYANS &
COOK, P.A.
ATTORNEYS FOR DEFENDANTS
515 N. FLAGLER DRIVE, SUITE 900
POST OFFICE BOX 3795
WEST PALM BEACH, FL 33402
(561) 832-8655 (Telephone)
(561) 832-8678 (Telecopier)
lghawkins@aol.com

LYNN G. HAWKINS
Florida Bar Number: 500704

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants COSTCO WHOLESALE

CORPORATION, INC., EDDYE FREENY, ANNE MCFADDEN, VALERIE WILLIAMS and

ARNOLD GANTS' Motion to Dismiss Amended Complaint has been provided to Jacquelyn

Newton, 813 N.W. 3rd Terr., Hallandale, FL 33009 by Regular U.S. Mail and Certified U.S.

Mail, Return Receipt Requested, this 10th day of April, 2000.

LYNN G. HAWKINS

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN ————————————— **DISTRICT OF** ————————————— FLORIDA

Jacquelyn Newton

    Plaintiff

        **V.**

COSTCO, INC., DAVID WESTON, Mgr.
EDDIE FREENEY, MGR.
et al

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 006010 CIV JORDAN

MAGISTRATE JUDGE JORDAN

TO: (Name and address of defendant)
Valerie Williams
16580 N. W. 59th Ave.
Miami Lakes, Fl.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
Jacquelyn Newton
813 N. W. 3rd Terr
Hallandale, Fl. 33009

20

an answer to the complaint which is herewith served upon you, within _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

CLERK     Clarence Maddox                   DATE    JAN 2 1 2000

(BY) DEPUTY CLERK

# EXHIBIT "A"

Scanned Image - 0:00CV6010 Document 6 page 1 Thu Feb 10 12:04:40 2000

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ FLORIDA

_____ DISTRICT OF _____

Jacquelyn Newton

## SUMMONS IN A CIVIL CASE

V.

COSTCO, DAVID WESTON, MGR
Eddie Freeney, Mgr. et al

CASE NUMBER: 006010 CIV JORDAN

MAGISTRATE JUDGE JORDAN

TO: (Name and address of defendant)
COSTCO, INC.
16580 N.W.59th Ave
Miami Lakes, Fl.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
Jacquelyn Newton, pro se
813 N.W. 3rd Terr.
Hallandale, Fl. 33009x

an answer to the complaint which is herewith served upon you, within _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Clarence Maddox

CLERK

(BY) DEPUTY CLERK

JAN 2 1 2000

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

Jacquelyn Newton
    Plaintiff,

### SUMMONS IN A CIVIL CASE

**V.**

COSTCO, INC., DAVID WESTON, MGR.
EDDIE FREENEY, MGR., et al

CASE NUMBER:  006010 CIV JORDAN
MAGISTRATE JUDGE JORDAN



TO: (Name and address of defendant)
EDDIE FREENEY, MGR.
16580 N. W. 59TH AVE.
MIAMI, LAKES, FL.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
JACQUELYN NEWTON, PRO SE
813 N. W. 4th Terr
Hallandale, Fl. 33009

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JAN 2 1 2000

Clarence Maddox
_____
CLERK

_____
(BY) DEPUTY CLERK

_____
DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN                                             FLORIDA

——————————————— DISTRICT OF ———————————————

Jacquelyn Newton,

    Plaintiff

            **V.**

COSTCO INC., DAVID WESTON, MGR.
EDDIE FREENEY, MGR. et al

### SUMMONS IN A CIVIL CASE

CASE NUMBER: 006010 CIV JORDAN

              magistrate Judge Jordan

TO: (Name and address of defendant)

    ARNOLD GANTS
    16580 N. W. 59TH AVE.
    MIAMI LAKES, FL.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    Jacquelyn Newton
    813 N. W. 3rd TERR
    HALLANDALE, FL. 33009

                      20

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox

_____          JAN 2 1 2000
CLERK                                             _____
                                                  DATE

_____
(BY) DEPUTY CLERK