

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  00-6010-CIV-JORDAN

JACQUELINE NEWTON,

      Plaintiff,

v.

COSTCO WHOLESALE, INC., DAVID WESTON;
VINCE BEASLEY AND ARNOLD GANTS,

      Defendants.

_____/

## DEFENDANTS COSTCO WHOLESALE CORPORATION, INC. AND ARNOLD GANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, MOTION TO DISMISS OR STRIKE CERTAIN CLAIMS FOR RELIEF AND SUPPORTING MEMORANDUM OF LAW

Defendants, COSTCO WHOLESALE CORPORATION, INC.[1], ("COSTCO") and

ARNOLD GANTS ("GANTS")[2], by and through their undersigned counsel and pursuant to Rule

12(b), Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff JACQUELINE

NEWTON ("NEWTON")'s Second Amended Complaint and move to dismiss or strike certain

claims for relief and in support thereof state as follows:

---

    [1]Improperly named as Costco, Inc. in the summons and original complaint.

    [2]Undersigned counsel is responding on behalf of all Defendants with the exception of David
Weston and Vince Beasley who have not been served as of the date of this pleading.

Newton/Costco                  -1-                  Motion to Dismiss

## MEMORANDUM OF LAW

I.     THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED AS TO COSTCO FOR LACK OF JURISDICTION OVER THE PERSON PURSUANT TO RULE 12(B)(2) AND INSUFFICIENCY OF PROCESS PURSUANT TO RULE 12(B)(4), FEDERAL RULES OF CIVIL PROCEDURE.

Plaintiff's Second Amended Complaint should be dismissed as to Defendant COSTCO pursuant to Rule 12(b)(2) and 12(b)(4), Federal Rules of Civil Procedure, as this Court lacks jurisdiction over this Defendant due to the insufficiency of process. Rule 4(a), Federal Rules of Civil Procedure, requires that a summons identify the parties, yet the summonses in this action served upon Defendant COSTCO merely identifies the Defendants as "COSTCO, DAVID WESTON, MGR, Eddie FREENY, Mgr., et. al."[sic] See Showers v. City of Bartow, 978 F. Supp. 1464, 1467 (M.D. Fla. 1997) (complaint dismissed due in part to failure to list all defendants in the summons in derogation of Rule 4). In addition, Rule 4(a) requires that a summons "state the time within which the defendant must appear and defend" yet the summons served upon COSTCO in this action did not provide any time for service of a response. See summonses attached as Exhibit "A."

II.     COUNTS I, II AND III OF THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 10, FEDERAL RULES OF CIVIL PROCEDURE.

Counts I, II and III of Plaintiff's Second Amended Complaint should be dismissed pursuant to Rule 10(b), Federal Rules of Civil Procedure, which states:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; ... Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count

or defense whenever a separation facilitates the clear presentation of the matters set forth.

In Count I, Plaintiff purports to state a claim pursuant to Title VII and has labeled the claim as one for "Quid Pro Quo Sexual Harassment/Retaliation for Opposing Sexual Harassment." The incorporated allegations in support of this claim involve alleged sexual harassment by David Weston, Vince Beasley and GANTS, alleged complaints of Plaintiff concerning criminal activities occurring in the workplace, alleged retaliation for complaining of sexual harassment and/or criminal activities, suspension and termination of employment, termination of Plaintiff while she was allegedly four months pregnant, alleged illegal background checks, and alleged fabrication of evidence, among other irrelevant and spurious allegations. The allegations specific to this count include allegations of a "sexually hostile environment" (¶37), allegations of quid pro quo harassment (¶¶40, 41, 42) and retaliation (¶45). In Count II, Plaintiff purports to state an additional claim pursuant to Title VII and has labeled the claim as one for "Hostile Work Environment Sexual Harassment/Retaliation for Opposing Sexual Harassment." Count II incorporates all of the irrelevant and spurious allegations incorporated in Count I. Count III is duplicative of Count I and Count II except that it is brought pursuant to the Florida Civil Rights Act, rather than Title VII. Count III makes no effort to separate claims for quid pro quo harassment, hostile work environment harassment and retaliation but includes them all in one count. As Plaintiff appears to be asserting three separate and distinct claims in Count I and in Count III and two separate and distinct counts in Count II, the claims are improperly commingled in violation of Rule 10, Federal Rules of Civil Procedure. The elements for each of these three

claims vary as do the defenses to each of the three claims and, therefore, they should be pled separately in order to comply with Rule 10.

In <u>Anderson v. District Board of Trustees of Central Florida Community College</u>, 77 F. 3d 364, 366-67 (11th. Cir. 1996), the court, concerned about the ramification of cases proceeding on the basis of "shotgun' pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

<u>See also</u> <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996, <u>cert. denied</u>, 519 U.S. 1110, 117 S. Ct. 946, 136 L. Ed.2d 834 (1997) and <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995).

Claims and issues very similar to the ones in this matter were before Judge Highsmith in <u>Benoit v. Ocwen Financial Corp.</u>, 960 F. Supp. 287 (S.D. Fla. 1997), <u>aff'd</u>, 162 F.3d 1177 (11th Cir. 1998). In <u>Benoit</u>, the plaintiffs appeared to be asserting claims for sexual discrimination, quid pro quo sexual harassment and hostile environment sexual harassment in one count. The court dismissed the complaint holding that the claims were improperly commingled in violation of Rule 10 stating that if the plaintiffs sought relief under multiple statutes and on multiple bases, Rule 10 required them to set forth their claims separately. <u>See</u> <u>Benoit</u>, 960 F. Supp at 289-290. A similar finding is appropriate in this matter.

## III. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S IMPROPER INCORPORATION OF MULTIPLE ALLEGATIONS INTO MULTIPLE COUNTS.

Plaintiff has also improperly incorporated multiple allegations into multiple counts that have no relevance to the claims raised in those counts. In each and every count, Plaintiff incorporates Paragraphs 1 through 35. The allegations in Paragraphs 1 through 35 include, but are certainly not limited to, alleged sexual harassment by David Weston, Vince Beasley and GANTS, alleged complaints of Plaintiff concerning criminal activities occurring in the workplace, alleged retaliation for complaining of sexual harassment and/or criminal activities, suspension and termination of employment, termination of Plaintiff while she was allegedly four months pregnant, alleged illegal background checks, and alleged fabrication of evidence among other irrelevant and spurious allegations. As numerous incorporated references bear no relationship to the counts in which they are incorporated and make it exceedingly difficult, if not impossible, for Defendants to determine whether the elements for each claim have been alleged, Plaintiff's Second Amended Complaint is fatally defective. See Benoit v. Ocwen Financial Corp., 960 F. Supp. 287, 290 (S.D. Fla. 1997), aff'd, 162 F.3d 1177 (11th Cir. 1998).

## IV.    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IN COUNT IV AND CLAIMS FOR ATTORNEY'S FEES IN COUNTS V, VI AND VII SHOULD BE DISMISSED OR STRICKEN.

In Count IV based upon Florida's Whistle-blower's Act, Plaintiff seeks punitive damages. Section 448.103, Fla. Stat., provides the remedies available for violation of the Whistle-blower's Act which include an injunction, reinstatement of employment, reinstatement of fringe benefits and seniority rights, compensation for lost wages, benefits and other remuneration and "any other compensatory damages allowable at law." There is no provision allowing punitive damages and, therefore, Plaintiff's claim for such damages should be dismissed or stricken.

In Counts V, VI and VII for assault, battery and intentional infliction of emotional distress under Florida law, Plaintiff seeks attorney's fees.  There is no general right at common law accorded a party to recover attorney's fees in litigation from the opposing party.  As stated frequently by Florida courts:

> An award of an attorney fee to any litigant is in derogation of the common law, and it is allowed only when provided for by contract or statute.

Rivera v. Deauville Hotel, 277 So. 2d 265 (Fla. 1973).  See also Anderson Columbia Co., Inc. v. State of Florida, Department of Transportation, 744 So. 2d 1206, 1207 (Fla. 1st DCA 1999).

WHEREFORE, Defendants COSTCO WHOLESALE CORPORATION, INC., and ARNOLD GANTS respectfully request this Court to dismiss this action with prejudice and/or strike certain claims for relief as discussed above, to award them their costs and attorneys' fees incurred in defending this action, and to grant such other relief as the Court deems just and proper under the circumstances.

FITZGERALD, HAWKINS, MAYANS & COOK, P.A.
ATTORNEYS FOR DEFENDANTS
515 N. FLAGLER DRIVE, SUITE 900
POST OFFICE BOX 3795
WEST PALM BEACH, FL 33402
(561) 832-8655 (Telephone)
(561) 832-8678 (Telecopier)
lghawkins@aol.com

LYNN G. HAWKINS
Florida Bar Number:  500704

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendants COSTCO WHOLESALE

CORPORATION, INC. and ARNOLD GANTS' Motion to Dismiss Second Amended Complaint

and Motion to Dismiss or Strike Certain Claims for Relief has been provided to Jacquelyn

Newton, 813 N.W. 3rd Terr., Hallandale, FL 33009 by U.S. Mail this 26th day of June, 2000.

LYNN G. HAWKINS

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN ———————————— DISTRICT OF ———————————— FLORIDA

Jacquelyn Newton

      **Plaintiff**

**SUMMONS IN A CIVIL CASE**

**V.**

CASE NUMBER:  006010 CIV JORDAN

COSTCO, INC., DAVID WESTON, Mgr.
EDDIE FREENEY, MGR.
et al

MAGISTRATE JUDGE JORDAN

TO: (Name and address of defendant)
Valerie Williams
16580 N. W. 59th Ave.
Miami Lakes, Fl.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jacquelyn Newton
813 N. W. 3rd Terr
Hallandale, Fl. 33009

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK      Clarence Maddox

DATE      JAN 2 1 2000

(BY) DEPUTY CLERK

**EXHIBIT "A"**

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN                           FLORIDA
───────────────────── DISTRICT OF ─────────────────────

Jacquelyn Newton

### SUMMONS IN A CIVIL CASE

**V.**
COSTCO, DAVID WESTON, MGR      CASE NUMBER:  006010 CIV JORDAN
Eddie Freeney, Mgr. et al
                               MAGISTRATE JUDGE JORDAN

TO: (Name and address of defendant)
    COSTCO, INC.
    16580 N.W.59th Ave
    Miami Lakes, Fl.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jacquelyn Newton, pro se
813 N.W. 3rd Terr.
Hallandale, Fl. 33009x

an answer to the complaint which is herewith served upon you, within _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Clarence Maddox                        JAN 2 1 2000

─────────────────────────────          ──────────────────────────────
CLERK                                  DATE

─────────────────────────────
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN                                    FLORIDA
———————————————— DISTRICT OF ————————————————

Jacquelyn Newton
        Plaintiff,

## SUMMONS IN A CIVIL CASE

V.

COSTCO, INC., DAVID WESTON, MGR.          CASE NUMBER:  006010 CIV JORDAN
EDDIE FREENEY, MGR., et al                MAGISTRATE JUDGE JORDAN



TO: (Name and address of defendant)
EDDIE FREENEY, MGR.
16580 N. W. 59TH AVE.
MIAMI, LAKES, FL.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
        JACQUELYN NEWTON, PRO SE
        813 N. W. 4th Terr
        Hallandale, Fl. 33009

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Clarence Maddox                              JAN 2 1 2000

——————————————————————          ——————————————————————
CLERK                                        DATE

——————————————————————
(BY) DEPUTY CLERK

# United States District Court

SOUTHERN ———————————— DISTRICT OF ———————————— FLORIDA

Jacquelyn Newton,

    Plaintiff

          **V.**

COSTCO INC., DAVID WESTON, MGR.
EDDIE FREENEY, MGR. et al

### SUMMONS IN A CIVIL CASE

CASE NUMBER: 006010 CIV JORDAN

        magistrate Judge Jordan

TO: (Name and address of defendant)
    ARNOLD GANTS
    16580 N. W. 59TH AVE.
    MIAMI LAKES, FL.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
    Jacquelyn Newton
    813 N. W. 3rd TERR
    HALLANDALE, FL. 33009

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of
time after service.

Clarence Maddox

CLERK

_____
(BY) DEPUTY CLERK

DATE    JAN 2 1 2000