

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JACQUELINE NEWTON,                         CIVIL DIVISION

    Plaintiff,                             CASE NO. 006010

v.                                         MAGISTRATE JUDGE JORDAN

COSTCO WHOLESALE CORPORATION,
DAVID WESTON, VINCE BEASLEY
AND ARNOLD GANTS,

    Defendants
_____/

## SECOND AMENDED COMPLAINT

PLAINTIFF, JACQUELINE NEWTON, in proper person, pursuant to leave of court, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida sues COSTCO WHOLESALE CORPORATION, a Florida corporation, DAVID WESTON, VINCE BEASLEY AND ARNOLD GANTS, alleging as follows:

### GENERAL ALLEGATIONS
(Common to All Counts)

#### I.
#### NATURE OF THE CASE

1. This is an action for injunctive relief, declaratory relief, monetary damages, and other relief arising under the Thirteenth and Fourteenth Amendments to the United States Constitution, Tile VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000 et seq., the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 (1992), the Florida Whistle Blowers' Act, Fla. Stat. 448.112 et. seq. Ancillary and pendant state law claims for

assault, battery and intentional infliction of emotional distress and sexual harassment are also complained of herein.

## II.
## CONDITIONS PRECEDENT

2.  Plaintiff filed charges of discrimination approximately three months ago with the Equal Employment Opportunity Commission (E.E.O.C.) against Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as COSTCO) complaining of the acts of sexual discrimination herein described. Plaintiff has fully complied with all prerequisites and all conditions precedent to this Court exercising jurisdiction pursuant to Title VII and the Florida Civil Rights Act of 1992.

3.  Plaintiff's state law supplementary claims do not require remedial exhaustion.

## III.
## JURISDICTION AND VENUE

4.  This Court has jurisdiction of this action under 28 U.S.C. section 1331 and 28 U.S.C. sec. 1343(3) in order to protect rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000, et. seq. This Court has jurisdiction over the Florida statutory and common law claims under its ancillary and pendant jurisdiction pursuant to 28 U.S.C. sec. 1367. All of the unlawful acts complained of herein occurred within the Southern District of Florida and venue is proper.

## III.
## PARTIES

5.  Plaintiff JACQUELINE NEWTON is an African American female who was employed by Defendant COSTCO from approximate y mid-1997 to approximately June, 1999, and belongs to a protected class.

6.  Defendant COSTCO WHOLESALE CORPORATION, is a Florida corporation, and at all times material hereto was an employer as defined in Title VII and the Florida Civil Rights Act of 1992, and is subject to suit for the causes of action asserted herein.

7.  Defendant DAVID WESTON, is an individual who at all times materia hereto was employed by the Defendant COSTCO as a Supervisor/Manager and is capable of being sued for the causes of action asserted against him herein.

8.  Defendant VINCE BEASLEY is an individual who at all times materia hereto was employed by the Defendant COSTCO as a Supervisor and is capable of being sued for the causes of action asserted against him herein.

9.  Defendant ARNOLD GANTS is an individual who at all times materia hereto was employed by the Defendant COSTCO as a Clerk and is capable of being sued for the causes of action asserted against him herein.

## IV.
## FACTS

10.  Within a year and a half to two years of being hired, Plaintiff began working under the supervision of Defendant David Weston (hereinafter "Weston").

11.   Within a year and a half to two years of being hired, Plaintiff also began working under the supervision of Defendant Vince Beasley (hereinafter "Beasley").

12.   During the period of time that Plaintiff was employed by Defendant COSTOC, Defendant Weston repeatedly subjected Plaintiff to vulgar remarks of a sexual nature.

13.   During the period of time that Plaintiff was employed by Defendant COSTOC, Defendant Beasley repeatedly subjected Plaintiff to engage in sexual activities with him both at the job and after hours at a local motel .

14.   Defendant Weston also touched Plaintiff in a sexually offensive manner.  Weston rubbed his hands down Plaintiff's dress and continued to do so even after Plaintiff objected.

15.   On several  occasions, Weston attempted to unbuckled Plaintiff's bet and Plaintiff was required to forcibly remove his hands from her private area.

16.   Weston further told Plaintiff if she did not give in to his sexual advances that Plaintiff's job would be in jeopardy.

17.   Plaintiff complained about Weston's and Beasley's frequent and widespread sexual harassment of her to her superiors, who allowed the harassment to continue.

18.   Plaintiff became aware of criminal activities (i.e. embezzlement & theft) that was occurring at the Defendant COSTCO's premises and reported them to Eddye Freeny, a Manager and to Craig Jelinek, the Executive Director of COSTCO.

19.   Upon Plaintiff making these complaints she was retailiated against.

20. Plaintiff was informed that her employment was terminated.

21. During her employment for the Defendant COSTCO, Plaintiff was subjected to pervasisve sexual harassment by Defendants WESTON and BEASLEY.

22. Defendant WESTON repeatedly subjected Plaintiff to explicit remarks of a sexual nature.

23. Defendant BEASLY fondled Plaintiff about her breasts and buttocks, even though Plaintiff objected and tried to resist.

24. Defendant GANTS fondled Plaintiff about her private parts and demanded that Plaintiff have sexual intercourse with him or her job would be in jeapordy.

25. When Plaintiff refused to engage in sexual activities with Defendant GANTS, he had Plaintiff terminated.

26. On or about May 27, 1999, Plaintiff gave Manager Eddye Freeny a three page letter informing him about the sexual harassment that Defendant WESTON had perpetrated against Plaintiff.

27. On May 28, 1999, a meeting was held with Plaintiff and also a meeting was held with Defendant WESTON. On or about June 2, 1999, Plaintiff suffered a denial of job benefits in that her working hours were decreased from twenty seven hours per week to twenty hours per week.

28. On June 5, 1999, Plaintiff was suspended by Defendant COSTCO for three days, as management advised that Plaintiff had allegedly lied on her application. Since a background check had been performed two and one-half years ago at the inception of Plaintiff's employement, the suspension was the result of being

targeted for dismissal as a result of reporting the sexual harassment to Eddye Freeny.

29. On or about June 5, 1999, Plaintiff was terminated even though Plaintiff was four months pregnant with a daughter she would later give birth to. Allegations used to justify Plaintiff's termination were patently false, are not supported by any credible evidence, and were maliciously used against Plaintiff.

30. Defendant's employee Valerie Williams was directed to conduct further background checks on Plaintiff in an attempt to garnish evidence against her to defend itself from her complaints of sexual harassment.

31. Defendant GANTS conducted further and/or illegal background checks on Plaintiff to find evidence against Plaintiff which would serve to cover up the sexual harassment committed against her.

32. Defendant's employee Annie McFadden was used to fabricate information against Plaintiff, after which Annie McFadden received a promotion from parking lot girl to cashier.

33. Defendant COSTCO knew or should have known of the charges of harassment by Plaintiff and failed to take any corrective and/or remedial action.

34. Defendant COSTCO acted with malice and reckless indifference to Plaintiff by its failure to implement corrective action and retalitory conduct against Plaintiff.

35. The actions of Defendants Beasley, Weston and Gants were within the scope of their employment for Defendant COSTCO in that they were foreseeable, particularly after the facts as stated

hereinabove were brought to the attention of managers and/or supervisors by Plaintiff.

**COUNT I**
**TITLE VII-**
**QUID PRO QUO SEXUAL HARASSMENT/**
**RETALIATION FOR OPPOSING SEXUAL HARASSMENT**

36.  Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

37.  Defendant, COSTCO, its agents and employees, engaged in discrimination based on sex as heretofore described by allowing frequent and widespread sexual harassment to exist in the workplace thus creating a sexually hostile environment in violation of Title VII.

38.  Plaintiff was subjected to unwelcome sexual harassment.

39.  The harassment complained of was based on sex.

40.  Submission to the conduct suggested by Defendants Gants, Weston and Beasley was made implicitl a term or condition of Plaintiff's employment.

41.  Submission to the conduct of a sexual nature was used as a basis for employment decisions affecting Plaintiff.

42.  The sexual harassment adversely affected the terms, conditions and privileges of Plaintiff's employment and required she be subjected to the harassment or face adverse employment actions.

43.  In fact, Plaintiff's reaction to the harassment affected tangible aspects of her compensation, terms, conditions and/or

privileges of her employment.

44. Defendant COSTCO failed to act on complaints of sexual harassment and did not take appropriate corrective actions with respect to the harassing and discriminatory conduct.

45. Defendant Costco further retaliated against Plaintiff for opposing discriminatory practices described herein.

46. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, distress, humiliation, great expense, embarassment and damage to her reputation.

47. Defendant COSTCO is liable under the legal theory of Respondeat Superior.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendant Costco for violation of Title VII as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

(b) for compensatory damages

(c) for punitive damages

(d) for entry of an Order declaring defendant COSTCO's employment practices unlawful;

(e) for a judgment representing pre-judgment interest

(f) for reinstatement, and if not practical, front pay.

(g) for the cost of this action, including an award of

reasonable attorney's fees pursuant to U.S.C. section 626(b) and 216(b).

(h) for any other relief that this Court deems necessary and proper.

## COUNT II
## TITLE VII-
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT/ RETALIATION FOR OPPOSING SEXUAL HARASSMENT

48. Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

49. Plaintiff was subjected to unwelcome sexual harassment.

50. The harassment complained of was based on sex.

51. The harassment was sufficiently severe and pervasive to create an abusive work environment affecting a term, condition or privilege of employment.

52. Defendant COSTCO knew, or should have known, of the harassment and failed to take remedial action.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendant Costco for violation of Title VII as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

(b) for compensatory damages

(c)  for punitive damages

(d)  for entry of an Order declaring defendant COSTCO's employment practices unlawful;

(e)  for a judgment representing pre-judgment interest

(f)  for reinstatement, and if not practical, front pay.

(g)  for the cost of this action, including an award of reasonable attorney's fees pursuant to U.S.C. section 626(b) and 216(b).

(h)  for any other relief that this Court deems necessary and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT OF 1992
## SEXUAL HARASSMENT

53.  Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

54.  Defendant, COSTCO, its agents and employees, engaged in discrimination based on sex as heretofore described by allowing frequent and widespread sexual harassment to exist in the workplace thus creating a sexually hostile environment in violation of the Florida Civil Rights Act of 1992, as amended.

55.  The sexual harassment adversely affected the terms, conditions and privileges of Plaintiff's employment and required she be subjected to the harassment or face adverse employment actions.

56.  Defendant COSTCO failed to act on complaints of sexual harassment and did not take appropriate corrective actions with

respect to the harassing and discriminatory conduct.

57. Defendant Costco further retaliated against Plaintiff for opposing discriminatory practices described herein.

58. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, distress, humiliation, great expense, embarassment and damage to her reputation.

59. The actions, conduct and/or omissions of each of the Defendants sued herein violated the Florida Civil Rights Act of 1992, codified in Fla. Stat. section 760.10

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendants Costco for violation of Florida Civil Rights Act of 1992, as amended, as follows:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

(b) for compensatory damages

(c) for punitive damages

(d) for entry of an Order declaring defendant COSTCO's employment practices unlawful;

(e) for a judgment representing pre-judgment interest

(f) for reinstatement, and if not practical, front pay.

(g) for the cost of this action, including an award of reasonable attorney's fees pursuant to law.

COUNT IV
VIOLATION OF FLORIDA WHISTLE BLOWER'S ACT

60. Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

61. The retalitory actions, conduct and/or omissions of each of the Defendants sued herein violated the Florida Whistle Blower's Act as codified in Fla. Stat. section 448.112 et seq.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendants Costco, Weston, Beasly, and Gants for the following:

(a) for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

(b) for compensatory damages

(c) for punitive damages

(d) for entry of an Order declaring defendant COSTCO's employment practices unlawful;

(e) for a judgment representing pre-judgment interest

(f) for reinstatement, and if not practical, front pay.

(g) for costs and attorney's fees

(h) for any other relief that this Court deems necessary and proper.

## COUNT V

### ASSAULT

62. Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

63. Defendants COSTCO, through its agents and employees, and Defendants Beasley, Gant and Weston intentionally and unlawfully attempted to touch Plaintiff in a harmful and offensive manner which caused her substantiall harm.

64. Defendants' actions, and each of them, created a fear of imminent peril in Plaintiff.

65. Defendant COSTCO is vicariously liable for the actions of the Defendants, its employees.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendants Costco, Weston, Beasly, and Gants for the following:

(a) for compensatory damages

(b) for punitive damages

(c) for costs and attorney's fees

(d) for any other relief that this Court deems necessary and proper.

## COUNT VI

### BATTERY

66. Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

67. Defendants Beasley, Weston and Gants intentionally and unlawfully touched Plaintiff without her consent.

68. Defendants Beasley, Weston and Gants unconsensual contacts as described herein were offensive to Plaintiff and caused her harm.

69. Defendant COSTCO is vicariously liable for the actions of the Defendants, its employees.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendants Costco, Weston, Beasly, and Gants for the following:

(a) for compensatory damages

(b) for punitive damages

(c) for costs and attorney's fees

(d) for any other relief that this Court deems necessary and proper.

COUNT VII

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff Newton adopts, realleges and reincorporates each and every allegation contained in paragraphs (1) through (35) numbered above, as if fully set forth herein.

71. Defendants Beasley, Weston and Gants engaged in extreme and outrageous conduct against Plaintiff with the intent to cause severe emotional distress or with reckless disregard for the severe emotional distress that each was causing Plaintiff.

72. Defendants Beasley, Weston and Gant's conduct was indecent and intolerable to Plaintiff who resisted and gave notice

the behavior was unwelcome.

73. As a direct and proximate result of the actions, statements and conduct of Defendants Beasley, Weston, and Gants, Plaintiff suffered severe emotional distress for which Defendant COSTCO is vicariously liable.

WHEREFORE, based upon the aforestated, Plaintiff demands judgment against the Defendants Costco, Weston, Beasly, and Gants for the following:

   (a)   for compensatory damages
   (b)   for punitive damages
   (c)   for costs and attorney's fees
   (d)   for any other relief that this Court deems necessary and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail and fax to the attorney for the Defendants, LYNN G. HAWKINS, ESQ., at Suite 900, 515 N. Flagler St., P.O. Box 3795, West Palm Beach, Fla. 33402, this 8TH day of June, 2000.

Respectfully submitted

By: _____
JACQUELYN NEWTON
Plaintiff, pro se
813 N.W. 3rd Terr.
Hallandale, Fla.   33009