UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6010-CIV-JORDAN



JACQUELINE NEWTON,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
DAVID WESTON, VINCE BEASLEY
AND ARNOLD GANTS

    Defendants

_____/

### DEFENDANTS COSTCO WHOLESALE CORPORATION, INC., AND ARNOLD GANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS, FAILURE TO RESPOND TO MOTION TO DISMISS SECOND AMENDED COMPLAINT, FAILURE TO RESPOND TO DISCOVERY AND FAILURE TO COMPLY WITH LOCAL RULES

Defendants, COSTCO WHOLESALE CORPORATION, INC. ("COSTCO") and ARNOLD GANTS ("GANTS"), by and through their undersigned counsel, and pursuant to Rules 41(b) and 37, Federal Rules of Civil Procedure, and Local Rules 7.1C and 16.1M of the Southern District of Florida, hereby move this Court for an Order dismissing this action or, alternatively, sanctioning Plaintiff JACQUELINE NEWTON ("NEWTON") and in support thereof state as follows:

1. On April 10, 2000, Defendants COSTCO and GANTS served their First Set of Interrogatories to Plaintiff NEWTON. Only after correspondence and the filing of a Motion to Compel Plaintiff's Responses to Discovery did Plaintiff respond to the Interrogatories, said responses received by undersigned counsel on July 31, 2000 by facsimile and no other means of service.

2. On May 16, 2000, Defendants COSTCO and GANTS served Plaintiff with their First Request for Production of Documents. Despite correspondence from undersigned counsel and the service on July 18, 2000 of a Motion to Compel Plaintiff's Responses to Discovery, Plaintiff NEWTON has failed to respond to Defendants' First Request for Production of Documents. Defendants' Motion to Compel Plaintiff's Responses to Discovery is currently pending before the Court and a Certificate of Counsel explaining undersigned counsel's efforts to confer with Plaintiff in a good faith effort to resolve by agreement the issues raised was filed in connection with that Motion. At no time since the inception of this lawsuit has Plaintiff provided a phone number or responded to any letters from undersigned counsel.

3. On May 30, 2000, this Court entered an Order granting Plaintiff NEWTON's Motion for Leave to File Second Amended Complaint and required that the Second Amended Complaint be filed no later than June 9, 2000. Undersigned counsel has contacted the Clerk of the Court and been told that the Second Amended Complaint was not actually filed until June 30, 2000.

4. On June 26, 2000, Defendants COSTCO and GANTS served a Motion to Dismiss Second Amended Complaint, Motion to Dismiss or Strike Certain Claims for Relief and Supporting Memorandum of Law in this action. Pursuant to Local Rule 7.1C, Plaintiff

NEWTON's response was due no later than July 14, 2000. To date, Defendants have not received a response and have checked with the Clerk of the Court and found that the Court file reflects no response to the Motion to Dismiss Second Amended Complaint.

5. On June 26, 2000, Defendants COSTCO and GANTS served a Motion for Entry of Order Requiring Plaintiff's Compliance with Local Rule 16.1 or, Alternatively, Motion Permitting Defendants to File a Unilateral Scheduling Report and Rule 26.1 Certificate of Defendants' Counsel. Defendants only filed this Motion after writing Plaintiff NEWTON alerting her to the requirements of Local Rule 16.1 and attempting to obtain her cooperation with Rule 16.1 compliance. Plaintiff NEWTON failed to respond to the Motion and on July 12, 2000, this Court entered an Order granting Defendants' Motion and ordering Plaintiff NEWTON to comply with Local Rule 16.1. Plaintiff NEWTON was to cooperate with counsel for the Defendants in helping to prepare and submit a Scheduling Report to the Court by no later than July 31, 2000, or show cause why sanctions should not be imposed. If Plaintiff NEWTON did not cooperate, Defendants' counsel was to submit a unilateral report no later than July 31, 2000. Plaintiff NEWTON failed to contact counsel for the Defendants and Defendants had no option but to file the unilateral Scheduling Report on July 31, 2000. Plaintiff has not responded in any manner to the Court's Order of July 12, 2000.

## MEMORANDUM OF LAW

Pursuant to Rule 41(b), Federal Rules of Civil Procedure, a district court has authority "to dismiss actions for failure to comply with local rules." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993). Dismissal is also appropriate for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great American Communications*, 178 F. 3d 1373, 1374

(11th Cir. 1999); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Sussman v. Saxon, Saxon and Nielson, P.A.*, 154 F.R.D. 294, 299 (M.D. Fla. 1994). Dismissal with prejudice under Rule 41(b) is proper when: (1) a party engages in a clear record of delay or willful contempt; and (2) lesser sanctions would not suffice. *Kilgo*, 983 F.2d at 192. The propriety of a Rule 41(b) dismissal is commended to the trial court's broad discretion. *See Carter v. United States*, 780 F.2d 925, 927 (11th Cir. 1986). A district court also has broad authority under Rule 37, Federal Rules of Civil Procedure, to control discovery, including dismissal as the most severe sanction. *See Fed.R.Civ.P. 37(b)(2)(C)*. The criterion for sanctions under Rules 41(b) and 37(b)(2)(C) are the same. *Sussman*, 154 F.R.D. 294 at 299.

Plaintiff NEWTON has failed to comply with two Orders of this Court[1], failed to respond to discovery[2], failed to comply with numerous Local Rules[3] and failed to respond to Defendants' Motion to Dismiss Second Amended Complaint.[4] These continued failures constitute a sufficient

---

[1] NEWTON failed to comply with the Orders of May 30, 2000 and July 12, 2000.

[2] NEWTON failed to respond on a timely basis to Defendants' First Set of Interrogatories and has failed to respond in any manner to Defendants' First Request for Production of Documents served on May 16, 2000.

[3] NEWTON failed to comply with Local Rule 16.1 as she failed to cooperate in a scheduling conference; failed to comply with Local Rule 5.1B which requires filing with the clerk either before service or within three business days thereafter; failed to comply with Local Rule 5.2 which, when service is made by facsimile, requires another copy to be served by any other method permitted by Rule 5; failed to comply with Local Rule 7.1 C which requires an opposing memorandum of law to be served not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure; and failed to comply with local Rule 15.1 with regard to the form of a motion to amend.

[4] NEWTON's failure to respond to Defendants' Motion to Dismiss Second Amended Complaint is a sufficient basis alone to grant Defendants' Motion. Local Rule 7.1C provides that failure to serve an opposing memorandum of law within the specified time "may be deemed sufficient cause for granting

basis for dismissing this action under Rule 41(b) and/or Rule 37. *See, e.g. Gratton v. Great American Communications*, 178 F. 3d 1373, 1374 (11th Cir. 1999) (affirmed dismissal of action as plaintiff spoiled evidence, did not sufficiently comply with court's order to explain spoilation, intentionally misidentified a witness, ignored court's order to release medical records and failed to appear at a hearing claiming his attorney never informed him of the hearing); *United States v. Conqueror Corp.*, 84 F.3d 438 (11th Cir. 1996) (affirmed dismissal of action in which claimants continually engaged in discovery abuse and failed to appear at scheduled depositions); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal proper where plaintiff's counsel failed to submit a preliminary statement as directed, failed to appear for a pretrial conference and disobeyed the court's instruction to be ready to proceed with trial on a date certain); *In re Bautista*, 235 B.R. 678 (Bankr. M.D. Fla. 1999) (dismissed action with prejudice for plaintiffs' violation of two court orders regarding the filing of an amended complaint and failure to follow federal rules by obtaining leave of court to file an amended complaint); *Royal Palace Hotel Associates, Inc. v. International Resort Classics, Inc.*, 178 F.R.D. 588 (M.D. Fla. 1997) (entered

---

the motion by default." *See Rodriguez v. Rossotti*, 1998 U.S. Dist. LEXIS 18804 (S.D. Fla. November 9, 1998)(granting defendant's motion to dismiss for plaintiff's failure to file a response to motion in accordance with Local Rule 7.1, failure to effectuate service and failure to pay requisite filing fees); *Thurman v. United States of America*, 1997 U.S. Dist. LEXIS 15440 (S.D. Fla. September 16, 1997) (granting respondent's motion to dismiss petitions to quash as petitioner failed to respond to motion to dismiss in accordance with Local Rule 7.1); *Lewis v. Westwood Community Two Association*, 1995 U.S. Dist. LEXIS 16298 (S.D. Fla. February 27, 1995) (ratifying, affirming and approving magistrate's report and recommendation that plaintiff's motion to dismiss amended counterclaim with prejudice be granted by default as defendant failed to file a response to plaintiff's motion in accordance with Local Rule 7.1).

judgment against defendant for defendant's failure to contribute in good faith to the preparation of the final pretrial statement, failure to file timely pretrial statement as required by court order or file motion for extension regarding such and failure of lead counsel to appear at final pretrial conference despite appearance of local counsel); *Vargas v. Peltz*, 901 F. Supp. 1572 (S.D. Fla. 1995) (held that persistent pattern of misconduct by plaintiff warranted dismissal of case); *Mingo v. Sugar Cane Growers Co-op of Florida*, 1989 WL 205633 (S.D. Fla. May 26, 1989)(pattern of delay and refusal to comply with court directions, including plaintiff's refusal to submit a preliminary statement and failure to comply with several deadlines, warranted dismissal with prejudice).[5]

WHEREFORE, Defendants COSTCO WHOLESALE CORPORATION, INC. and ARNOLD GANTS respectfully request that this Court enter an Order dismissing this action with prejudice or, alternatively, entering sanctions against Plaintiff JACQUELINE NEWTON for her repeated failure to comply with this Court's Orders, failure to respond to discovery, failure to comply with numerous Local Rules and failure to respond to Defendants' Motion to Dismiss Second Amended Complaint.

---

[5] Sanctions, including dismissal, are also appropriate under Local Rule 16.1M for NEWTON's failure to cooperate in a scheduling conference or preparation of a report as the Local Rule provides: "[f]ailure to comply with the requirements of this rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment."

FITZGERALD, HAWKINS, MAYANS & COOK, P.A.
ATTORNEYS FOR DEFENDANTS
515 N. FLAGLER DRIVE, SUITE 900
POST OFFICE BOX 3795
WEST PALM BEACH, FL 33402
(561) 832-8655 (Telephone)
(561) 832-8678 (Telecopier)
lghawkins@aol.com

_____
LYNN G. HAWKINS
Florida Bar Number: 500704

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided to Jacquelyn Newton, 813 N.W. 3rd Terr., Hallandale, FL 33009 by Regular U.S. Mail and Certified U.S. Mail, Return Receipt Requested, this 14th day of August, 2000.

_____
LYNN G. HAWKINS