NIGHT BOX
FILED
OCT 6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JACQUELINE NEWTON,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
DAVID WESTON, VINCE BEASLEY
AND ARNOLD GANTS,

    Defendants
_____/

CIVIL DIVISION

CASE NO. 006010 CV

MAGISTRATE JUDGE JORDAN

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS SECONDED AMENDED COMPLAINT

COMES NOW, the Plaintiff, by and through her undersigned counsel and submits this her Response to the Motion to Dismiss Second Amended Complaint filed by Defendants, stating as follows:

1. The first ground asserted again by the Defendant Costco Wholesale Corporation (hereinafter "Costco") in their Motion to Dismiss Second Amended Complaint attacks the summons issued against Defendant Costco for allegedly failing to have the "20 days" typed in. [This ground was alleged by the Defendant in its first Motion to Dismiss.]

2. All of the other summonses issued in this cause had the statutory "20 days" to answer typed in. Defendant Costco is a corporation which must be represented by legal counsel in all proceedings. Legal counsel for the corporation are well aware of the time parameters to answer a federal district court summons.

To require the Plaintiff to "reserve" the Defendant Costco with an Alias Summons would simply result in an unnecessary delay of the proceedings in this matter.

Since the purpose of the summons is to place the defendant on official notice of the suit against him and the Defendant Costco is on notice of this suit, it has inured no prejudice as a result of a typographical error in the summons.

3. In its next argument, Defendants' Motion to Dismiss appears to object to the joinder of sexual harassment quid pro quo with retaliation in one count. Secondly, it objects to the joinder of sexual harassment hostile work environment with retailiation in Count II.

4. Unlike the case of <u>Benoit v. Owen Financial Service</u>, cited in Defendants' motion, Plaintiff has not pled <u>all</u> of the aforestated counts together in one count.

5. Defendant also objects to the joinder within Count III, alleging a violation of Florida's Civil Rights Act, the claims of sexual harassment- quid pro quo, hostile work environment and retailiation.

Florida's statute section 760.10 prohibits sexual discrimination in the workplace and does not require specific charges of sexual harassment, or for quid pro quo, hostile work environment and retaliation.

6. Plaintiff has complied with Federal Rule of Civil Procedure Rule 10(b) requiring separately pled claims.

7. Defendant complains next of commingling facts in pleading the multicount Second Amended Complaint.

Plaintiff's complaint is not complex. It is concisely pled within sixteen pages, succinctly incorporating by reference the common facts that occurred. Since among the counts alleged, many elements are overlapping, the same proof is required for several of the Counts.

8.   All of the factual allegations incorporated by reference by Plaintiff contribute to the proof required to sustain Plaintiff's burden on those counts. For instance, the separately pled counts of sexual harassment quid pro quo and hostile work environment share a common factual basis and are properly pled.

9.   The remainder of Defendants' Motion to Dismiss attacks the incorporation of punitive damages and attorney's fees in certain counts where they may not be authorized by statute.

10.   At this stage of the proceedings it is not known whether Defendants will raise any viable defense or whether grounds will be proven by Plaintiff to show her entitlement to attorney's fees.

If punitive damages do not apply based upon the proof presented, they will simply not be awarded. This is not cause to require Plaintiffs to amend their Second Amended Complaint.

WHEREFORE, based upon the aforestated, it is respectfully requested that this Honorable Court deny Defendants' motion to dismiss Second Amended Complaint and require the Defendants to file an Answer within twenty days of the Court's Order.

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Response to Motion to Dismiss Second Amended Complaint was delivered by fax to the attorney for the Defendants, Lynn G.

Hawkins, Esq., at Suite 900, 515 N. Flagler St. West Palm Beach, Fla. 33402, this 5th day of October, 2000. Faxed to 561/832-8678.

    LAW OFFICES OF ARTHUR RAZOR, ESQ.
    Suite 201
    5840 Stirling Rd.
    Hollywood, Fla. 33021
    (954) 772-0706

By: *[signature]*
    ARTHUR RAZOR, ESQ.
    Fla. Bar No. 251003