

FILED by ___ D.C.

NOV 17 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 00-6010-CIV-JORDAN

| | |
|---|---|
| JACQUELINE NEWTON Plaintiff vs. COSTCO WHOLESALE CORPORATION, DAVID WESTON, VINCE BEASLEY, and ARNOLD GANTS Defendants | CLOSED CIVIL CASE |

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

Jacqueline Newton and her counsel, Arthur Razor, failed to comply with Magistrate Judge Bandstra's order of August 18, 2000, which compelled Ms. Newton to respond to Costco Wholesale's first request for production of documents [D.E. 37]. Ms. Newton and Mr. Razor also failed to respond to my order of September 27, 2000, which required compliance with Magistrate Judge Bandstra's order and which required Ms. Newton and Mr. Razor to show cause why sanctions should not be imposed [D.E. 43].

As a result, I issued another order on November 3, 2000 [D.E. 47]. I imposed sanctions of $250 on Ms. Newton and Mr. Razor, ordered them again to comply with Magistrate Judge Bandstra's discovery order, and ordered them to show cause why attorney's fees should not be imposed. I gave Ms. Newton and Mr. Razor until November 13, 2000, to comply, and warned them that if they did not comply the lawsuit would be dismissed with prejudice.

Not surprisingly, Ms. Newton and Mr. Razor have again failed to comply. The complaint [D.E. 1] is therefore DISMISSED WITH PREJUDICE. A dismissal with prejudice is warranted because Ms. Newton and Mr. Razor have ignored three orders compelling discovery, have ignored two orders to show cause, and have failed to pay the sanctions imposed on them. In light of the *complete* failure

NOV 21 2000

49

of Ms. Newton and Mr. Razor to respond to the prior orders listed above, no lesser sanctions would suffice. For example, if I imposed attorney's fees, Ms. Newton and Mr. Razor would likely not pay them, as they have failed to pay the $250 in sanctions. *See* Fed. R. Civ. P. 37(b)(1)(2)(C); *Phipps v. Blakeney*, 8 F. 3d 788, 790-91 (11th Cir. 1993). *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a district court to sue sponte dismiss a case for lack of prosecution).

This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 16th day of November, 2000.

                                                                                                             Adalberto Jordan
                                                                                                             United States District Judge

Copies to:    Magistrate Judge Bandstra
                Arthur Razor, Esq.
                Lynn G. Hawkins, Esq.