UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No.: 00-6010-CIV-JORDAN

JACQUELINE NEWTON,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
DAVID WESTON, VINCE BEASLEY
AND ARNOLD GANTS

    Defendants

_____ /

### DEFENDANTS COSTCO WHOLESALE CORPORATION, INC. AND ARNOLD GANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Defendants, COSTCO WHOLESALE CORPORATION, INC. ("COSTCO") and ARNOLD GANTS ("GANTS"), by and through their undersigned counsel, and pursuant to Rule 37, Federal Rules of Civil Procedure, and Rule 26.1H, Local Rules of the United States District Court for the Southern District of Florida, hereby respectfully request this honorable Court to enter an Order compelling Plaintiff JACQUELINE NEWTON ("NEWTON") to produce the requested documents in response to Defendants' First Request for Production of Documents and in support thereof state as follows:

1. On May 16, 2000, Defendants COSTCO and GANTS served Plaintiff with their First Request for Production of Documents. On July 20, 2000, Defendants COSTCO and GANTS filed a Motion to Compel Plaintiff's Responses to Discovery. On August 18, 2000, this Court entered an Order granting this Motion to the extent that "plaintiff shall, within ten (10) days of the date of this Order, provide full and complete responses to defendants' first request for production of documents." As a result, Plaintiff's response to Defendant's First Request for Production was due no later than August 28, 2000. On September 27, 2000, this Court entered an Order requiring Plaintiff to comply with the August 18, 2000 Order and to show cause why sanctions should not be imposed for failure to comply. Plaintiff failed to respond to the order to show cause. On October 16, 2000, Plaintiff served Plaintiff's Response to Defendants' First Request for Production of Documents, a copy of which is attached as Exhibit "A."

2. In Plaintiff's Response to Defendants' First Request for Production of Documents, Plaintiff raised objections to several requests. In accordance with Local Rule 26.1 H, each request for production and the response to which objection is taken followed by the specific objection, grounds assigned for the objection and the reason assigned as supporting the motion are as follows:

Request Number 7

Any and all calendars, appointment books, logs, diaries, journals, notes and/or similar records maintained by Plaintiff which contain information relating to her employment with COSTCO and/or her allegations in the Amended Complaint.

Plaintiff's Objection

privilege

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, Plaintiff failed to comply with Local Rule 26.1G6(b) which requires certain information to be set forth if a party asserts a claim of privilege in objecting to any document demand and an answer is not provided on the basis of such an assertion.

Request Number 33

Any and all notes made by Plaintiff relating to any allegations set forth in the Amended Complaint.

Plaintiff's Objection

privilege

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, Plaintiff failed to comply with Local Rule 26.1G6(b) which requires certain information to be set forth if a party asserts a claim of privilege in objecting to any document demand and an answer is not provided on the basis of such an assertion.

Request Number 34

Any and all documents relating to communications between Plaintiff and counselors, psychologists, psychotherapists, psychiatrists or clergy from January 1, 1995 to the present.

Plaintiff's Objection

privilege

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, Plaintiff failed to comply with Local Rule 26.1G6(b) which requires certain information to be set forth if a party asserts a claim of privilege in objecting to any document demand and an answer is not provided on the basis of such an assertion.

Request Number 35

Any and all documents relating to any psychologist, psychiatrist, psychotherapist or other mental health counselor who Plaintiff has seen in the last five years including, but not limited to, any documents which would reflect the name(s) of such individual(s) and the date(s) Plaintiff saw such individual(s).

Plaintiff's Objection

privilege

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, Plaintiff failed to comply with Local Rule 26.1G6(b) which requires certain information to be set forth if a party asserts a claim of privilege in objecting to any document demand and an answer is not provided on the basis of such an assertion.

Request Number 38

Any and all documents relating to any application made by Plaintiff, either individually or with others, for a mortgage, refinanced mortgage, credit card, or any other type of loan, lease or extension of credit from January 1, 1999 to the present.

Plaintiff's Objection

irrelevant

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, the requested information is relevant as it may contain information on Plaintiff's employment status and income which are relevant to lost wages which Plaintiff claims in this case and the mitigation of damages which is raised as a defense.

Request Number 39

Any and all documents relating to any litigation to which Plaintiff was or is a party other than the litigation with Defendants, from January 1, 1990 to the present.

Plaintiff's Objection

irrelevant

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a)*. In addition, this information is relevant as it will allow Defendants to determine whether Plaintiff has maintained similar actions against other employers, it may reveal prior testimony under oath of the Plaintiff which could even include discussions of her employment with Costco and it may include information on contributing factors to emotional distress which is claimed by Plaintiff in this action, along with a variety of other information.

Request Number 41

Any and all documents relating to any legal claim made by Plaintiff, or on Plaintiff's behalf, which did not result in the filing of a lawsuit but did result in the receipt by Plaintiff of compensation of any type from January 1, 1990 to the present.

Plaintiff's Objection

irrelevant

Defendants' Objection, Grounds and Supporting Reasons

The response to Defendants' First Request for Production was due on June 18, 2000 and no extensions of time to respond were requested. Plaintiff's response was not served until October 16, 2000 and, therefore, her objections were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, this information is relevant as it will allow Defendants to determine whether Plaintiff has maintained similar claims against other employers and it may include informatoin on contribuitng factors to emotonal distress which is claimed by Plaintiff in this action, along with a variery of other information.

3. In accordance with Local Rule 26.1I, undersigned counsel has filed a Certificate of Counsel simultaneously with this Motion.

## MEMORANDUM OF LAW

The documents sought by Defendants are discoverable in accordance with Rule 26(b), Federal Rules of Civil Procedure. Plaintiff's only objections are "privilege" and "irrelevant." Although privilege can certainly be a valid objection to a discovery request, Plaintiff's objections of privilege were not made within the time provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a).* In addition, Plaintiff failed to comply with Local Rule 26.1G6(b) which requires certain information to be set forth if a party asserts a claim of privilege in objecting to any document demand and an answer is not provided on the basis of such assertion. With regard to the objections of relevance, these objections also were not made within the time

provided by the Federal Rules of Civil Procedure and were waived. *See Local Rule 26.1G6(a)*.

Moreover, the documents requested by Defendants are relevant to this action as discussed above.

WHEREFORE, Defendants COSTCO and GANTS respectfully request this Court to enter an Order compelling Plaintiff NEWTON to produce the requested documents in response to Defendants' First Request for Production of Documents, sanctioning Plaintiff pursuant to Rule 37(d) and awarding Defendants their attorneys' fees caused by Plaintiff's failure to respond in full to Defendants' discovery.

FITZGERALD, HAWKINS, MAYANS &
COOK, P.A.
ATTORNEYS FOR DEFENDANTS
515 N. FLAGLER DRIVE, SUITE 900
POST OFFICE BOX 3795
WEST PALM BEACH, FL 33402
(561) 832-8655 (Telephone)
(561) 832-8678 (Telecopier)
lghawkins@aol.com

_____
LYNN G. HAWKINS
Florida Bar Number: 500704

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to counsel for Plaintiff Jacquelyn Newton, Arthur Razor, Esq., Law Offices of Arthur Razor, Esq., Suite 201, 5840 Stirling Rd., Hollywood, FL 33021 by Regular U.S. Mail this 15th day of November, 2000.

_____
LYNN G. HAWKINS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JACQUELINE NEWTON,                          CIVIL DIVISION

    Plaintiff,                              CASE NO. ００5010

vs.                                         MAGISTRATE JUDGE JORDAN

COSTCO WHOLESALE CORPORATION,
DAVID WESTON, VINCE BEASLEY
AND ARNOLD GANTS,

    Defendants
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff, by and through her undersigned counsel and submits this Response to the Defendants' First Request for Production of Documents stating as follows:

1. Copies of the following listed documents are attached hereto and are the only documents that the Plaintiff has in her possession or control which are responsive to the requests made by the Defendants numbered one (1) through fifty-three (53):

    a.  E.E.O.C. Charge of Discrimination dated 5/28/99;

        Response to request no. 6, 22, 28, 30, 31, 50

    b.  Costco Wholesale Corp. - paystub dated 6/14/99

        Response to request no. 37, 46, 47

    c.  Agreement between Plaintiff and Defendant Costco dated 6-8-99 entitled Employee Assistance Program Participant Orientation.

        Response to request no. 35, 49

# EXHIBIT "A"

2.  Objection is made to the following numbered requests based upon the grounds that it is irrelevant to the cause of action and/or privileged as attorney work product, etc.:

Response to request no. _7, 33-34, 35 - privilege_ .
                        _36-39, 41 irrelevant_

3.  The Plaintiff has not yet named her expert witnesses. The request for this production is premature at this stage of the proceedings and Plaintiff is unaware of what documents would be responsive to the requests.

Response to request no. _36, 51-53_

4.  The information requested by Defendants in the following requests for production request documents not in the Plaintiffs' possession which the Defendants have equal access and availability to for discovery thereof as the Plaintiff.

Requests nos. _1-5, 8-19, 20-21, 23-27, 40, 42-45, 51_, 32
_32, 48_

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Response to Defendants' First Request for Production was delivered by mail to the attorney for the Defendants, Lynn G. Hawkins, Esq., at Suite 900, 515 N. Flagler St., P.O. Box 3795, West Palm Beach, Fla. 33402, this 16th day of October, 2000.

```
LAW OFFICES OF ARTHUR RAZOR, ESQ.
Suite 201
5840 Stirling Rd.
Hollywood, Fla.  33021
(954) 772-0706
By: _____
    ARTHUR RAZOR, ESQ.
    Fla. Bar No. 251052
```

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

☐ FEPA
☒ EEOC   150992964

Florida Comm. on Human Relations _____ and EEOC
State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.): Mrs. Jacqueline O. Newton
**HOME TELEPHONE** (Include Area Code): (305) 556-3481
**STREET ADDRESS**: 1230 West 54 Street, Apt. A-119, Hialeah, FL 33012
**DATE OF BIRTH**: 12/26/1964

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Costco Wholesale
**NUMBER OF EMPLOYEES, MEMBERS**: Cat C (201-500)
**TELEPHONE** (Include Area Code): (305) 825-5818
**STREET ADDRESS**: 16580 N.W. 59th Avenue, Miami Lakes, FL 33014
025

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 12/01/1998   LATEST: 05/24/1999
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I. I was sexually harassed by my supervisor, David Weston. In retaliation for objecting to my supervisor's sexual demands, I receive less working hours to work and I have not been offered a full time status.

II. The sexual harassment included rubbing against my body, sexual remarks and requests for sexual favors. I recently complained to my store manager, Eddy Prena. Because I would not acquiesce to his sexual advances, I received less hours to work and I was not allowed to work Sunday's which I had.

III. I have been discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended.

*Amended
As a result of filing a charge, I was suspended on June 5, 1999.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5-28-99
Charging Party Signature: [signed] Jacqueline Newton

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (Rev. 06/92)

**CHARGING PARTY COPY**

| REMITTANCE STATEMENT | | | | | |
|---|---|---|---|---|---|
| DATE | NUMBER | DESCRIPTION | ACCT. NO. | GROSS AMOUNT | DEDUCTIONS | NET AMOUNT |
| 6-14-99 | | 1.14# 2:14.55 0,25<br>Coupon 250159<br>Reg. 40.39-<br>Hol. 6.70<br>Vac. 37.84<br>dct. 16.00<br>dem- 1.59<br>O.H. 4.90<br>bli-OT .06<br>au-hus 2.71 | 1034.13 | 440.47<br>75.43<br>414.74<br>175.86<br>26.14<br>57.94<br>1.06<br>481.77 | 3rd.<br>132.55<br>FICA<br>76.52<br>FICA2<br>1789<br>NECT<br>517.80<br>4m/k<br>07.02<br>781.78 | 452.35 |

COSTCO WHOLESALE #181<br>16580 NW 59th AVENUE 305-825-9810<br>MIAMI LAKES, FL 33014

DETACH BEFORE DEPOSITING

# WELLPOINT BEHAVIORAL HEALTH

## EMPLOYEE ASSISTANCE PROGRAM (EAP) PARTICIPANT ORIENTATION

*Please read thoroughly before signing and direct any questions to your consultant.*

**DESCRIPTION OF SERVICES:** Your company has contracted with WellPoint Behavioral Health Inc. (WBH) to provide professional consultation for employees and their family members regarding a wide range of personal problems. Available services may include: assessment, short-term counseling, and referral. If longer term counseling or specialized services are needed, WBH will refer you to qualified professionals or organizations in the community. WBH will then follow up to assure that your needs are being met. Certain insurance plans require EAP referral in order to utilize your mental health and substance abuse benefits.

**FEES:** There are no fees to employees or family members for any service received directly from WBH. When WBH refers to resources in the community for ongoing or specialized services, you are responsible for paying any applicable fees. Your group health plan may or may not cover some of the cost of referred services. If WBH makes a referral that utilizes your company benefits, it is your responsibility to verify both your insurance eligibility and the benefits available for behavioral health. This can be done by contacting either the insurance company or your benefit department. It will also be your responsibility to ensure that any provider to whom WBH may refer you is a provider who is consistent with your insurance plan.

**CONFIDENTIALITY:** When an individual utilizes EAP services, all information will be held confidential unless: 1) the individual authorizes release of information with a signature; 2) the individual represents, in the EAP consultant's opinion, a physical danger to self or others; 3) child abuse/neglect, elder abuse/neglect, or dependent adult abuse/neglect is suspected; 4) a court order for records is issued.

If you are employed by a company contracted with or regulated by the Departments of Defense or Transportation or the Nuclear Regulatory Commission, WBH may be required to disclose information about your EAP consultation under the following conditions: a) there is a significant breach of security or safety to others, b) WBH receives an administrative summons or judicial subpoena or order, c) you were referred due to a positive drug test, d) as further defined by your employer. WBH does not make routine "adverse information" reports.

**VOLUNTARY PARTICIPATION:** The decision to participate in the EAP is voluntary in most cases. Employees participating in the program should not expect any special privileges or exemptions to common work rules or performance standards. EAP participation is not to be interpreted as constituting a waiver of management's rights to take disciplinary measures, nor should the program be interpreted as a waiver of the right of any employee to use a complaint procedure within the framework of company policies.

**EMPLOYER REFERRAL:** When an employee is referred to the EAP by the employer, the appropriate company representative of the organization may be advised with the employee's consent if: 1) the employee kept the appointment; 2) the EAP consultant has made recommendations; 3) the employee has agreed to follow these recommendations.

**GRIEVANCE PROCEDURE:** If you are dissatisfied with the service you receive, you may register your complaint by telephone or by mail. Write to WellPoint Behavioral Health at 9655 Granite Ridge Drive, Sixth Floor, San Diego, CA 92123 or call (619) 571-8300 or (800) 999-7222 and ask for a supervisor.

I have reviewed and understand the information listed above.

Client Name: Jacqueline Newton

Client Signature: Jacqueline Newton

Social Security #: ___-__-918_

Company Name: Costco Wholesale

Date: 6-8-99

111 Majorica Ave, Suite B
Coral Gables FL 33134
Nancy Fink LMHC, NCC
305 446-8325

WBH 01/97